UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
JOHN DOUGAL, et ano.,

             Plaintiffs,

    -V.-

FREDRICK IPPOLITO, etc., et al,

          Defendants.

-------------------------------------------------X

No. 11     1370 **F I L E D**
(ADS) (ETB) IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   MAR 3 1 2011   ★

LONG ISLAND OFFICE

## APPLICATION FOR TEMPORARY RESTRAINING ORDER

    Comes now the plaintiff, pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, and moves that this court issue its temporary restraining order to prevent defendants and all persons acting in concert with them from proceeding with their planned filing of a lien on plaintiffs' property. An agent of defendant Town of Oyster Bay, N.Y. advised Braun and Weber, Esqs., the attorneys for Triangle Enterprises, Inc., the prospective purchaser of plaintiffs' property, that the Town intended to place a lien on the property to facilitate recovery by the municipality of the alleged cost of entry onto the property and seizure from it of wood chips.

1. Plaintiffs, in their pending complaint which has been served on each of the three named defendants, allege that the entry onto the property and activities engaged in thereon, including seizure of wood chips, was extra-legal.
2. It appears that defendants having entered the property and engaged in other related activity without warrant, consent, probable cause or exigent circumstances, now seek to require plaintiffs to pay $250,000.00 before any determination is made as to the legality of the entry and other related activities of defendants.
3. Should defendants go forward with their stated intention to place a lien on the property, plaintiffs will be required to pay $250,000.00 for defendants' allegedly illegal conduct or to abandon their planned sale of the property at a price which is acceptable to them and which may be unavailable to them in the future.
4. The court is respectfully urged to grant a temporary restraining order until such time as plaintiffs can be heard on their motion for a temporary injunction which would maintain the status quo with a minimum of cost and disruption to defendants.
5. On 3-    -11, counsel for plaintiff advised the attorney for defendants that plaintiffs would present to the court their application for a temporary restraining order.

*Request Denied. So Ordered.*
*AT THIS TIME*

Dated: Oakdale, N.Y.
    3-    -11

*U.S.D.J. Arthur D. Spatt*
*3/31/11*

Arthur V. Graseck, Jr.
Attorney for Plaintiffs
99 Meredith La.
Oakdale, N.Y. 11769-1007
631-513-3787